**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TALBOT CURTIN,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO. 3:CV-13-1219

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

### MEMORANDUM

Presently before the Court for review is the Report and Recommendation (Doc. 22) of Magistrate Judge Martin C. Carlson to Plaintiff Talbot Curtin's ("Curtin") Motion to Enforce Terms of Settlement Agreement (Doc. 19). For the reasons that follow, the Report and Recommendation will be adopted and Curtin's motion to enforce the settlement will be denied.

### I. Background

Curtin commenced this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2401 *et seq.* and 28 U.S.C. § 2671 *et seq.*, after he was served spoiled meat at USP Canaan. The parties were ordered to participate in mandatory mediation, (Doc. 12), and, on August 1, 2013, the mediator reported that the action had been settled. (Doc. 15.) The action was dismissed without prejudice to the right of either party, upon good cause shown, to reinstate the action within ninety (90) days if settlement was not consummated. (Doc. 16.)

Thereafter, on April 11, 2014, Curtin filed a motion to enforce the settlement. (Doc. 19.) According to Curtin, the United States violated the terms of the settlement agreement by failing to pay the agreed upon monetary sum. In opposition to Curtin's motion, the United States responded that a full payment was made by the U.S. Treasury pursuant to the settlement agreement. However, the Treasury, a non-party to this litigation, was

statutorily mandated to offset the payments in this case in accordance with 31 U.S.C. § 3716. Thus, the United States asserted that Curtin's settlement proceeds were issued from the Judgement Fund, but these proceeds were offset by a financial obligation previously incurred by Curtin. And, the United States further indicated that the Judgment Fund will not release information regarding an inmate's claim to anyone other than the inmate, including members of the US Attorney's office.

On May 7, 2014, Magistrate Judge Carlson issued the instant Report and Recommendation. (Doc. 22.) Magistrate Judge Carlson recommends that Curtin's motion be denied because: (1) the United States substantially complied with its obligations under the settlement agreement; (2) Curtin received the benefit of the settlement payment through the reduction of his outstanding and pre-existing debts; (3) the application of the Treasury offset to this payment is mandated by law and is largely a non-discretionary function; (4) the statute and regulations creating the offset program provide ample due process protections to a prisoner prior to an offset, while also allowing for agency review of any offset decisions and judicial review of particular offsets, if necessary; (5) modifying or setting aside this offset could harm the interests of third parties; (6) Curtin is not entitled to additional, advance notice that the proceeds obtained in this settlement might at some later date be subject to a Treasury offset; and (7) vacating or setting aside the settlement would be fruitless because any judgment obtained by Curtin in this action would still remain subject to a potential Treasury offset.

Curtin filed timely objections to the Report and Recommendation on May 15, 2014, (Doc. 23), and the United States filed a brief in opposition to Curtin's objections on May 29, 2014. (Doc. 24.) The Report and Recommendations and Curtin's objections thereto are thus ripe for review.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)).  However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) (emphasis added).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Goney*, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## III. Discussion

As noted, Curtin filed timely objections to Magistrate Judge Carlson's recommendation to deny his motion to enforce the settlement.  Curtin raises four objections to the Report and Recommendation.  First, Curtin argues that he settled his claim under false pretenses because the settlement agreement itself provides that payment would only be sent to his inmate account. (Doc. 23, 2.)   Second, Curtin asserts he has been unsuccessful in attempting to discover the identify of the person to whom he owes a debt and he is unable to contest the offset without this information. (*Id*.) Third, Curtin contends

that his due process rights were violated because he was not afforded the proper procedure in accordance with 31 U.S.C. § 3716. (*Id.*)  Fourth, Curtin argues that he never agreed to an offset as required by 31 U.S.C. § 3728. (*Id.*)

Curtin's objections will be overruled.  Curtin's first objection is without merit because he relies on a letter proposing the settlement that "the only address we are prepared to send any settlement proceeds is your inmate account." (Doc. 19, Ex. B.)  This statement does not indicate whether or not any settlement payment would be offset by the Treasury. *See Cahill v. United States*, No. 13-1129, 2014 WL 2471234, at *1 (M.D. Pa. May 29, 2014) (denying motion to enforce settlement).  Likewise, this statement is not a part of the settlement agreement.  Indeed, the settlement agreement specifically provides that it "constitutes the entire agreement between the parties; . . . No promise or inducement that is not herein expressed has been made to any of the parties and the parties do not rely on any statement or representation made by any person not otherwise contained herein." (Doc. 19, Ex. A.)

Curtin's second objection is unconvincing because, based on privacy concerns, the United States is prohibited from obtaining the information relating to Curtin's outstanding debt.  However, both the Magistrate Judge and the United States have provided Curtin with contact information that would allow him to obtain details regarding the debt and the corresponding offset.

Curtin's third objection is without merit because "the United States Attorney's Office is not responsible for [Curtin's] personal debts and did not have an additional responsibility to remind [him] in the settlement agreement that the funds would be offset." *United States v. Bailey*, No. 03-370, 2013 WL 5964447, at * 1 (D. Minn. Nov. 4, 2013).

Curtin's final objection is also without merit because his reliance on § 3728 is misplaced.  That section involves setoffs against judgments entered against the United

States. In this case, however, no judgement was entered against the United States. Rather, the parties resolved the case by way of settlement. *See Cahill v. United States*, No. 13-1129, 2014 WL 2471234, at *1 (M.D. Pa. May 29, 2014).

Lastly, Curtin's objections are identical to those raised by plaintiffs in other cases. And, in those cases, other members of this Court overruled these objections. *See, e.g., Cahill v. United States*, No. 13-1129, 2014 WL 2471234, at *1 (M.D. Pa. May 29, 2014) (Caldwell, J.) (adopting report and recommendation, overruling the plaintiff's objections, and denying motion to enforce settlement); *Robinson v. United States*, No. 13-879, 2014 WL 1785342, at *1 (M.D. Pa. May 5, 2014) (Conner, C.J.) (same). Accordingly, as Curtin's objections are without merit, they will be overruled.

## IV. Conclusion

For the above stated reasons, the Report and Recommendation will be adopted and Curtin's motion to enforce the settlement will be denied.

An appropriate order follows.

June 18, 2014  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge